IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-14120-CIV-MOORE/LYNCH

DAVID HAZEN,

      Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment

(dkt # 20). Plaintiff did not file a Response.

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being

otherwise fully advised in the premises, the Court enters the following Order.

I.      **BACKGROUND**

The following facts are taken from Plaintiff David Hazen's ("Hazen") Complaint and

from the transcripts of Hazen's deposition (dkt #'s 20-2, 20-3, 20-4).[1] This diversity personal

injury case arises out of Hazen's slip and fall in the parking lot of a store operated by the

Defendant, Home Depot U.S.A., Inc. ("Home Depot").

On October 18, 2006, Hazen entered the premises of a Home Depot store in Fort Pierce,

Florida, where he purchased, "among other things," two doors, one 10' countertop, and one 4'

countertop for a home improvement project. Compl. ¶¶ 4, 6. While Hazen was in the store, a

---

[1] Further, since Hazen has not controverted the instant Motion, the facts set forth in the Motion's
Statement of Facts are deemed admitted to the extent they are supported by the record, pursuant
to Local Rule 7.5.D.

Home Depot employee helped him load the doors and countertops onto a cart, in order to proceed through checkout. Compl. ¶ 7. Hazen claims that after proceeding through checkout, he and his wife asked several Home Depot employees for assistance in loading the doors and countertops into the bed of his pickup truck, only to be ignored. Compl. ¶ 8; Hazen Dep., Def.'s Ex. D at 40:6 - 41:12 (dkt # 20-4). Hazen testified in his deposition that while waiting for help, he saw someone whom he believed to be a store manager talking with several employees, but did not speak to the manager or those employees because he did not want to interrupt their discussion. Id. at 90:21 – 91:11.

After waiting "more than forty minutes," Hazen decided to load the merchandise onto the truck himself, and proceeded to do so with the assistance of his wife. Compl. ¶ 9; Hazen Dep., Def.'s Ex. B at 43:3 – 18. In the course of adjusting the position of one of the countertops, Hazen's wife got into the bed of the truck, and Hazen stood on the bumper of the truck, with the tailgate up. Id. at 43:19 – 24; Hazen Dep., Def.'s Ex. C at 44:1 – 25 (dkt # 20-3). While attempting to move the countertop, Hazen lifted his left foot, and, upon bringing it down, missed the bumper and fell, allegedly suffering serious injuries to his left knee and left leg that required surgery. Id. at 44:24 – 48:10.

On January 15, 2009, Hazen filed a complaint against Home Depot in the Circuit Court of the Nineteenth Judicial Circuit In and For St. Lucie County, Florida (dkt # 20-1). The Complaint alleges that Home Depot was negligent in failing to assist Hazen in loading his merchandise, and requests damages for the medical expenses Hazen has allegedly incurred as a result of the fall.[2] Home Depot removed the state court action to this Court on April 21, 2009. See Notice of Removal (dkt # 1). Home Depot filed the instant Motion on November 18, 2009.

_____

[2] The Complaint also appears to seek damages for past and future wage loss. The Court, however, has stricken these claims from the Complaint. See Paperless Order Granting By Default Defendant's Motion to Strike Plaintiff's Wage Loss Claims (dkt # 25).

Hazen's Response and opposing memorandum of law were due no later than December 7, 2009,

and no Response has been filed to date.[3]

## II.   STANDARD OF REVIEW

The applicable standard for reviewing a summary judgment motion is unambiguously

stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss

v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994).  The moving party has the burden of meeting this

exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  An issue of fact is

"material" if it is a legal element of the claim under the applicable substantive law which might

affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to

find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual

inferences therefrom in the light most favorable to the party opposing the motion. Id. However,

the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather,

its response must—by affidavits or as otherwise provided in this rule—set out specific facts

showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  "The mere existence of

a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be

---

[3] The instant Motion was filed before the December 1, 2009, effective date of the recent amendments to Federal Rule of Civil Procedure 56(c), which established a default deadline for responses to summary judgment motions of twenty-one calendar days from the date the motion is served.  However, under either the previous version of Rule 56 or the amended version, the time for Hazen to file a Response to the instant Motion has expired.

evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III.   ANALYSIS

To prove a claim for negligence under Florida law, a plaintiff must establish: 1) a duty recognized in law requiring the defendant to adhere to a certain standard of conduct, 2) the defendant's failure to perform that duty, 3) plaintiff's injury was actually and proximately caused by the defendant's breach, and 4) the plaintiff suffered actual harm from the injury. See Clay Elec. Coop. Inc. v. Johnson, 873, So. 2d 1182, 1185 (Fla. 2003). "[A] legal duty does not exist merely because the harm in question was foreseeable. To the contrary . . . the defendant's conduct must 'create' the risk." See Aguila v. Hilton, Inc., 878 So. 2d 392, 396 (Fla. 1st Dist. Ct. App. 2004) (citing McCain v. Fla. Power Corp., 593 So. 2d 500 (Fla. 1992)). Property owners owe two duties to invitees: the duties to "(a) use reasonable care to maintain their premises in a safe condition, and (b) give warning of concealed perils which are or should be known to them, but which are unknown to the invitee and could not have been discovered by the invitee even with the exercise of reasonable care." Lomack v. Mowrey, 14 So. 3d 1090, 1092 (Fla. 1st Dist. Ct. App. 2009).

Here, Home Depot did not breach any duty that it owed to Hazen as a business invitee. Viewing the record evidence in the light most favorable to Hazen, and assuming that his requests for aid went unanswered by various Home Depot employees, there is no indication that Home Depot failed to use reasonable care in the maintenance of its premises. Hazen's alleged injury resulted entirely from his decision to load his purchases into his truck himself—despite admittedly failing to ask several employees, including a store manager, for help—and his subsequent failure to take care in positioning himself while standing on the bumper of his truck.

This risk did not arise from any unsafe condition on the premises that Home Depot created or was responsible for addressing. Nor was the peril concealed in any manner. The risk of standing on the bumper of a car while loading unwieldy furniture is open and obvious such that Hazen was or should have been aware of it. Home Depot had no duty to warn Hazen of such a risk. See, e.g., Miranda v. Home Depot, Inc., 604 So. 2d 1237, 1239 (Fla. 3d Dist. Ct. App. 1992) (concluding that business owner did not breach any duty to customer who failed to anticipate the harm of sticking her head through a ladder, after unsuccessfully seeking assistance from store employees). As a matter of law, Home Depot did not create any risk to Hazen, and therefore, there is no genuine issue of material fact remaining with respect to Hazen's negligence claim.

## IV.    CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Home Depot's Motion for Summary Judgment (dkt # 20) is GRANTED. The Clerk of the Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT, with the exception of Home Depot's Motion for Sanctions (dkt # 26). The Court retains jurisdiction to conduct further proceedings as necessary with respect to that motion. Final judgment in favor of Home Depot will be entered by separate order, pursuant to Federal Rule of Civil Procedure 58.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of December, 2009.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record